The opinion of the Court was delivered by
O’Neall, J.
The two first' grounds of appeal make the question whether the witnesses to the will subscribed their names in the presence of the testator. The jury have so found: *217 and, unless they were improperly instructed, or their vordict be flagrantly against the facts, I do not perceive any just legal reason why the appellants should complain.
The instruction was to the jury in the precise words used by the law writers ; — they were told in the very words of Jarman, (vol. 1, p. 105) to enquire whether he (the testator) might have seen the witnesses sign. There was then no wrong instruction. Did the facts shew that the testator could not have seen ? or, perhaps more properly, did they shew he might have seen ? || He was in ordinary health ; he and the witnesses walked into the piazza to execute his will: he wrote his name, and was in the act of getting up, when one of the witnesses suggested the propriety of a seal: he resumed his seat, at the end of the table near the door, made his seal, and then surrendered his seat to the witnesses to sign their names: he stepped into the door of the sitting room: if he remained in or near the door, or was walking about the room, he could have seen the witnesses sign: or if even he was sitting where the witnesses, after the attestation, found him, he could, by rising out of his chair and moving a step or two, have seen each witness write his name. So, too, he was in hearing of every thing occurring in the piazza at the' table, where the will was executed and attested.
These circumstances make out a case of constructive presence, where the testator might have seen the witnesses sign.The, object of the statute, in requiring the witnesses to sign in the presence of the testator, was to prevent the fraudulent substitution of another paper for the testator’s will. In all the cases heretofore, the will was taken from the actual presence of the testator to be attested, and then, of course, it was necessary to be shewn he still had the power to see the attestation. Here the will remained exactly where the testator signed it: he left the witnesses when he knew they were attesting it. This makes a very important distinction : and shews, most conclusively, he might have seen, if he would. It comes up to what Judge Richardson said in Reynolds vs. Reynolds, (1 Sp. 256). Speaking of the necessity that the witnesses should be in such *218 a position that the testator could have seen them sign, “which, (says he) means, that they must not withdraw themselves from the continued observance of his senses, although the testator may, himself, refrain from using such senses.”
Here, too, the testator was in ordinary health, capable of walking, hearing and seeing. This, too, constitutes a very important distinctionin most cases of wills, the testator js in sickness, if not in extremis. It seems to me, that this will was much more attested in the testator’s presence, than where a will was executed by a sick person, who, the instant he signed, fe back in bed and drew his bed curtains, so that in fact he did no see : yet the witnesses attesting by his bed-side, it was hold, did so in his .presence. Why? Because he could,'by “an” easy effort,” removing the curtains with his hand, have seen ; or, perhaps, he could hear every thing going on, and, therefore, there was no danger of imposition. Both reasons are found in this case, — an easy effort could have placed the whole scene in the testator’s view; so he could hear every thing said or done.— There was no danger of imposition, and hence the statute is satisfied. ii
The case of Doe d. Wright vs. Manifold, (1 M. & S. 294,) does not stand in our way. For there the witnesses removed the will after execution from the sick chamber to another room, (and there attested. The jury found specially, that the testator was in such a situation he could not see the witnesses sign. That was the reason which Lord Ellenborough gave for deciding against the will. Had it not been for that, he said he would have had great doubts, notwithstanding the removal of the will from the sick chamber to another room, and where it was necessary for the testator to have left the bed, and to be seated in an easy chair, and then to advance his head into the passage. If a case thus situated would have created doubts of the learned C. J. may we not reasonably infer, in a case like this, sustained by the verdict of a jury, he would have been entirely satisfied ? The case of Casson vs. Dade, (1 Bro. C. C. 99,) where the lady executed the will, in her carriage, and the *219 witnesses attested in an adjoining law office, would be more like this : — there sitting in the carriage, by putting her head out of the window oí the carriage, she might, through the office window, see what was going on. There, as here, “ an easy effort” would have enabled her to see: but there it is not noted, that she could hear every thing done or said : here, that is the fact, and, in this respect, this case has the advantage of that. The Court is satisfied with the verdict on the question of attestation in the presence of the testator.
The other grounds are sufficiently answered by the report of the Judge below.
The motion is dismissed.
EvaNs, Wardlaw, Frost, Withers and WhitNer, JJ. concurred.

Motion dismissed.